IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES E. PATTERSON, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14-CV-00427 |
| v. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
|     Defendant. | ) | |

## MEMORANDUM OPINION[1]

In this diversity action, I deny defendant's Motion for Summary Judgment. Dkt. No. 17.

Plaintiff James E. Patterson ("Patterson") initially filed this tort action in state court alleging injury after he fell on a wet bathroom floor at a grocery store in the Towers Shopping Center, which is owned and operated by Kroger Limited Partnership I ("Kroger"). Kroger removed the case to federal court and filed an Answer denying all liability. Discovery is complete, and the issues have been fully briefed and were argued by counsel at a hearing held on April 1, 2015. Genuine issues of material fact exist as to how the incident occurred and whether Plaintiff was contributorily negligent which preclude summary judgment at this stage.

## I.

On April 30, 2014, Patterson entered the Kroger store intending to shop for dinner. He picked up a hand-held shopping basket, proceeded to the restroom area, and placed the empty hand basket on a three-foot tall rounded trashcan next to the bathroom door before he went into the restroom. The events which occurred as Patterson entered the bathroom and fell are contested. Patterson testified during his deposition that he looked at the hand basket after he placed it on the trashcan. He then turned back to the bathroom, opened the door, and glanced at

---

[1] This case is before me by consent under 28 U.S.C. § 636(c).

the floor while opening the door. Dkt. No. 18-1, p. 27-28, 41. Later in the deposition, Patterson switched course and stated that he had momentarily turned to see the basket fall, "and as I was getting ready to reach, at the same time I was still going into the bathroom and stepped on the floor and fell." Dkt. No. 18-1, p. 50. Patterson later filed a declaration pursuant to 28 U.S.C. § 1746, stating under penalty of perjury that "I did not turn my head towards the handbasket. I did not reach back to stop the handbasket from falling while I was pushing the door open." Dkt. Nos. 25-2 & 27.

While stepping into the threshold of the bathroom, Patterson saw a small wet spot on the floor; he described the floor as having "a little shine" and not a puddle. Upon stepping onto the floor, Patterson says his right foot slipped; he claims he had no time to react to the wet floor because he had already started to fall when he saw the water. Patterson fell onto his right side and heard his shoulder tear. Once he had fallen onto the floor, Patterson realized the whole restroom floor was wet. Patterson then noticed a "wet floor" sign, a mop bucket inside a stall, and a Kroger employee inside the restroom.

Kroger employee Yosef Beleck testified in his deposition that he had been mopping in the restroom when Patterson entered. Dkt. No. 25-4, p. 6. Beleck did not recall how long he had been mopping or whether the whole floor was wet; however, he did remember that the area where Patterson fell was the last area mopped, and determined that it must have been wet. Dkt. No. 25-4, p. 7. After the fall, Beleck asked if Patterson was okay and held the bathroom door open because he had fallen in the doorway. Patterson stated he was fine, used the restroom, did not inform anyone else at Kroger that he had fallen, and left the restroom to continue shopping for dinner. Patterson returned to Kroger several days later to complete a claim report, in which he stated he had slipped walking into the bathroom while turning to catch his falling hand basket.

2

**II.**

Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." Jacobs v. N.C. Admin. Office of the Courts, No. 13-2212, 2015 WL 1062673, at *4 (4th Cir. Mar. 12, 2015) (internal citations and quotations omitted) (citing Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "The moving party bears the initial burden of showing the absence of an essential element of the nonmoving party's case and that it is entitled to judgment as a matter of law. Once the moving party satisfies this burden, the nonmoving party then must recite specific facts showing that there is a genuine dispute of fact which merits a trial." Anderson v. Kroger Ltd. P'ship I, No. 2:11CV192, 2011 WL 5101764, at *1-2 (E.D. Va. Oct. 26, 2011) (internal citations and quotations omitted) (citing Honor v. Booz–Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004)).

In determining whether summary judgment is appropriate, the court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). "The court therefore cannot weigh the evidence or make credibility determinations." Jacobs, 2015 WL 1062673, at *4 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). Where the record taken as a whole "could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v.

Centra, Inc., 947 F.2d 115, 119 (4th Cir.1991) (citing Matsushita Elec., 475 U.S. at 587, and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986)).

### III.

Virginia law governs this diversity claim. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). A store owner owes its customers a duty to exercise ordinary care towards them while they are on the premises. See Winn–Dixie Stores, Inc. v. Parker, 240 Va. 180, 182 (Va. 1990). A store owner must maintain his premises in a reasonably safe condition, remove foreign objects which he either knew or should have known were placed on the floor, and warn customers of unsafe conditions that he either knew or should have known existed on his premises. See Colonial Stores Inc. v. Pulley, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962). The applicable standard of care for a store owner is "(1) to remove from its floor within a reasonable time any hazardous condition that it created or of which it knew or should have known, and (2) to warn invitees of such a condition." Eure v. Kroger Ltd. P'ship I, No. 7:11-CV-00190, 2012 WL 896347, at *3 (W.D. Va. Mar. 15, 2012); see also Kane v. Stuckey's of Thornburg, No. CL97-53, 50 Va. Cir. 247, at *2 (Va. Cir. Ct. Sept. 13, 1999).

Kroger argues that summary judgment is appropriate because the wet bathroom floor was an open and obvious danger, and Patterson was contributorily negligent for not seeing and recognizing the danger and taking reasonable steps for his safety. Alternatively, Kroger asserts that Patterson cannot prove that Kroger had actual or constructive notice of the wet floor prior to his fall, and that he assumed the risk because he was aware that restrooms can have wet floors. Genuine issues of material fact exist concerning whether the restroom's wet floor was an open and obvious danger, whether Kroger had notice of the dangerous condition, and whether Patterson was contributorily negligent at the time of his fall.

4

**A.**

Kroger contends that the restroom's wet floor was an open and obvious danger because Patterson noticed "a little wet spot on the floor" and a store employee had placed a "wet floor" sign inside the restroom. Kroger also argues Patterson would have been placed on notice if he had not negligently walked into the restroom while looking back towards his falling hand basket.

Business invitees must be aware of open and obvious dangers. See Newcomb v. Food Lion, Inc., 94 F.3d 642, 1996 WL 469902, at *1 (4th Cir. 1996) (unpublished) (citing Rocky Mount Shopping Ctr. Assocs. v. Steagall, 369 S.E.2d 193, 194 (1998)); see also O'Brien v. Everfast, Inc., 491 S.E.2d 712, 715 (Va. 1997). The determination of whether a danger was open and obvious turns on "whether the plaintiff would have seen the hazard had he been looking." Cameron v. K-Mart Corp., Civil No. 3:09cv81, 2010 WL 2991014 (W.D. Va. July 28, 2010) (quoting Hudson v. Kroger Co., No. 6:06cv46, 2007 WL 2110340, at *3 (W.D. Va. July 18, 2007)). A plaintiff is contributorily negligent as a matter of law if he slips and falls over an open and obvious condition or defect, even if he did not see the defect. See Scott v. City of Lynchburg, 241 Va. 64, 399 S.E.2d 809, 810 (Va. 1991); see also Logan v. Boddie-Noell Enterprises, Inc., No. 4:11CV00008, 2012 WL 135284, at *9 (W.D. Va. Jan. 18, 2012). "[T]he circumstances of each case must be considered to determine whether a pedestrian who failed to look nevertheless produced sufficient evidence to support a finding that the pedestrian exercised reasonable care for his or her safety under the circumstances. If such evidence is produced, a jury question is presented." Little Creek Inv. Corp. v. Hubbard, 455 S.E.2d 244, 246 (Va. 1995); see also Logan, 2012 WL 135284, at *9. A jury typically determines whether a condition or defect is open and obvious. See, e.g., Crocker v. WTAR Radio Corp., 74 S.E.2d 51, 53 (Va. 1953). In instances where reasonable minds could not differ, the court may find contributory negligence as

5

a matter of law.  Fultz, 677 S.E.2d 272, 275 (Va. 2009) (citing City of Roanoke v. Sutherland, 167 S.E. 243, 246 (Va. 1933)).

Kroger primarily relies on the unpublished Fourth Circuit opinion Newcomb v. Food Lion, Inc., 94 F. 3d 642 (4th Cir. 1996), to assert that the wet floor in the bathroom was open and obvious to patrons such as plaintiff.  In Newcomb, the court granted summary judgment because the grocery store's entryway floor–which showed wet footprints on a rainy day–was an open and obvious danger.  Id. at *3-5.  Newcomb, however, involved a wet entrance floor on a rainy day where customers would be aware that others came into the store with wet shoes.  Here, the plaintiff was confronted with a wet restroom floor well inside a store on a fair-weathered day.  The determination of whether a wet floor is an open and obvious danger on summary judgment generally arises on rainy or snowy days near the entrance of a store.  See, e.g., Logan, 2012 WL 135284, at *10 (finding a wet floor to be open and obvious because the plaintiff "was aware of the inclement weather as she entered the restaurant and failed to look out for water deposited by other customers"); Wynne v. Spainhour, 205 S.E.2d 634, 635 (Va. 1974) (finding icy spots on a parking lot to be open and obvious).  Given that Patterson fell within the interior of the Kroger on a fair-weathered day, I do not find slip-and-fall cases stemming from inclement weather persuasive.

Patterson's case more closely resembles Williams v. Food Lion, LLC, No. 3:09-cv-108, 2009 WL 3366923 (E.D. Va. Oct. 16, 2009), where the court denied summary judgment because a wet floor was not indisputably an open and obvious condition.  In Williams, a Food Lion employee had mopped the interior of the store when the plaintiff fell on the wet floor; it did not appear the employee placed a caution sign in the area of the wet floor and the plaintiff did not see the mopping employee.  Id. at *3.

6

In this case, Patterson stepped into the restroom where a Kroger employee was mopping the floor. The employee has testified that Patterson fell in the area most recently mopped, and the employee had placed wet floor signs in the area. A reasonable jury could conclude that the Kroger employee caused the wet floor and that Patterson was not contributorily negligent in failing to see the wet floor sign where no warnings were placed outside the bathroom. It is unclear from the deposition testimony whether Patterson saw the "little wet spot" on the restroom floor with sufficient time to react and stop walking into the danger, or whether the floor was wet enough to clearly constitute a danger to the average person. Reasonable minds could differ about whether the wet floor behind the closed door of Kroger's restroom was an open and obvious danger and whether the caution sign inside the restroom provided sufficient warning of that danger to patrons such as Patterson. See Anderson v. Wise, 39 F.3d 1175, at *3 (4th Cir. 1994). I find that a jury question exists as to whether Kroger's wet restroom floor was an open and obvious danger.

As for Kroger's related argument of contributory negligence, "[a] decision as to Plaintiff's contributory negligence likely will flow from the jury's decision as to the open and obvious nature of the condition of the floor." See Williams, 2009 WL 3366923, at *3. A plaintiff's choice not to look down at the hazard is not per se contributory negligence. See Fultz, 677 S.E.2d at 275. Virginia courts "have specifically declined to hold that, as a matter of law, a pedestrian's failure to look down while stepping forward necessarily constitutes contributory negligence in every case." Id. (quoting Little Creek, 455 S.E.2d at 246. Patterson's deposition testimony does not clearly state if, or when, he looked back towards the falling hand basket.[2] A

---

[2] Kroger has filed a motion to strike Patterson's declaration, which he offered in opposition to the motion for summary judgment. Kroger contends that Patterson filed the declaration to create a material issue of disputed fact, particularly where he stated "I did not turn my head towards the handbasket. I did not reach back to stop the

7

jury reasonably could find that his glance back occurred prior to entering Kroger's restroom. The jury also could find that despite looking back towards the hand basket, Patterson's entry into the restroom was not contributorily negligent. The evidence before the court could allow a reasonable jury to conclude that the Kroger employee caused the very condition that Patterson claims caused his fall, and that Patterson's placement of the basket had no effect on this incident because no facts have been presented that he should have been aware of the dangerously wet bathroom floor. Reviewing the evidence in the light most favorable to the plaintiff, the determination of Patterson's potential contributory negligence should be left to a jury.

**B.**

Kroger alternatively argues that Patterson cannot prove that it had actual or constructive notice of the wet restroom floor. Kroger contends that Patterson does not know how or when the floor became wet. Kroger asserts that the floor could have become wet due to a number of reasons, such as excess water from a customer who had just washed off his hands.

A plaintiff must introduce evidence of the premises owner's actual or constructive knowledge of the dangerous condition. See Douglas v. Kroger Ltd. P'ship I, No. 4:13CV97, 2014 WL 504717, at *3 (E.D. Va. Feb. 7, 2014) (citing Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (1993)). A premises owner can have actual notice of a danger if its employee was aware of the danger. See Eure, 2012 WL 896347, at *5. A plaintiff may show that a business owner had constructive notice of a defective condition by offering "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective

---

handbasket from falling while I was pushing the door open." Dkt. No. 26, p. 2. The court need not address the merits of the parties' arguments because the court does not rely on Patterson's declaration in reaching its judgment. Even without review of Patterson's declaration, there remains a vigorous dispute over Patterson's actions as he entered Kroger's restroom. See Lindsey v. Alliant Tech Sys. Inc., No. 7:12CV00508, 2013 WL 3524449, at *10 (W.D. Va. July 11, 2013). The record before the court provided sufficient differences in material fact to support sending this case to a jury. The court denies the motion as immaterial.

8

condition." Grim, 246 Va. at 242, 434 S.E.2d 880, 890 (1993); see also Ashby v. Faison & Assoc., Inc., 440 S.E.2d 603, 605 (Va. 1994)). "Where a premises owner's affirmative conduct is alleged to be the cause of an unsafe condition, Virginia courts impute notice to the defendant if the danger was reasonably foreseeable." Harrison v. The Kroger Co., 737 F. Supp. 2d 554, 557 (W.D. Va. 2010) (citing Memco Stores, Inc. v. Yeatman, 232 Va. 50, 55, 348 S.E.2d 228, 231 (1986)). Circumstantial evidence can be used to demonstrate notice. See Kane, 50 Va. Cir. 247, at *2 ("Jurors are entitled to use their common sense, and they may draw reasonable inferences from facts adduced."); see also Douglas, 2014 WL 504717, at *5.

The evidence through Kroger's employee establishes a jury issue as to notice. The employee was in the bathroom mopping the floor when the incident occurred. The employee had placed wet floor signs in the bathroom, but not outside the bathroom. Kroger suggests that another patron dropped water on the floor while in the bathroom or upon leaving, but offers no evidence that this in fact occurred. An issue of material fact exists regarding notice.

## C.

Kroger asserts that Patterson assumed the risk of falling in its restroom because he "appreciated the potential for water, failed to act appropriately with such knowledge, did in fact see water and still fell." Dkt. No. 18, p. 13.

In Virginia, a plaintiff's voluntary assumption of risk operates as a complete bar to recovery for a defendant's alleged negligence. Thurmond v. Prince William Prof'l Baseball Club, Inc., 574 S.E.2d 246, 249 (Va. 2003). "Application of the defense of assumption of risk requires use of a subjective standard, which addresses whether a particular plaintiff fully understood the nature and extent of a known danger and voluntarily exposed herself to that danger." Id. The Virginia Supreme Court has held "[t]he essence of contributory negligence is

9

carelessness; assumption of risk, venturousness." Kings Markets, Inc. v. Yeatts, 307 S.E.2d 249, 254 (Va. 1983) (citing Stoner v. Robertson, Adm'r, 151 S.E.2d 363, 366 (Va. 1966)). Courts have held that visiting an open business does not qualify as venturesome for the purposes of such a defense. Id. at 254; see also Waters v. Safeway Stores, Inc., 435 S.E.2d 380, 382 (Va. 1993). The evidence submitted does not establish the requisite venturousness, and thus does not establish that Patterson assumed the risk of his injury.

**IV.**

Considering the record as a whole and drawing all inferences in the light most favorable to Patterson, genuine issues of material fact exist as to Kroger's liability and Patterson's contributory negligence, if any, and accordingly, Kroger's Motion for Summary Judgment (Dkt. No. 17) is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

Enter: April 22, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge